**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

**FILED**

April 14, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ NM
DEPUTY

|  |  |  |
|---|---|---|
| **STEPHEN CROSS,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **NO. SA-26-CV-1769-OLG** |
| | § | |
| **TODD BLANCHE** *et al.*,[1] | § | |
| | § | |
| **Respondents.** | § | |

### <u>ORDER</u>

Pending before the Court is the status of this habeas proceeding. In their response, Respondents appear to assert that Petitioner, as an applicant for admission, is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See* Dkt. No. 8. But Petitioner was convicted of multiple serious criminal offenses rendering him deportable under 8 U.S.C. § 1227(a)(2)(A)(ii)–(iii). Thus, he appears to be subject to mandatory detention under 8 U.S.C. § 1226(c), rather than § 1225(b)(2)(A). It is well-established that the detention of "a criminal alien who has conceded that he is deportable, for the limited period of his removal proceedings," is "constitutionally permissible." *Demore v. Kim*, 538 U.S. 510, 530 (2003); *see Banyee v. Garland*, 115 F.4th 928 (8th Cir. 2024); *Wekesa v. U.S. Att'y*, No. 22-10260, 2022 WL 17175818 (5th Cir. Nov. 22, 2022). Furthermore, the Court has rejected remarkably similar challenges to those raised by Petitioner in another recent habeas case. *See Villasana v. Noem*, No. 25-CV-1579, Dkt. No. 10 (W.D. Tex. Mar. 6, 2026).

**IT IS THEREFORE ORDERED** that, by **Monday, April 20, 2026**, the parties shall file supplemental briefing, no longer than ten pages each, regarding the applicability of § 1226(c) and,

---

[1]Markwayne Mullin became the Secretary of the Department of Homeland Security on March 24, 2026. Todd Blanche became the Acting Attorney General on April 2, 2026. As a result, they are automatically substituted as Respondents in this action. *See* FED. R. CIV. P. 25(d).

if applicable, whether there are any material differences between the facts of this case and those presented in the attached order.

      **IT IS SO ORDERED**.

      **SIGNED** on April 14, 2026.

_____
ORLANDO L. GARCIA
United States District Judge

2

FILED

March 06, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ NM _____

DEPUTY

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| JORGE LUIS TORRES VILLASANA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | **NO. SA-25-CV-1579-OLG** |
| | § | |
| KRISTI NOEM *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Jorge Luis Torres Villasana's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1). Respondents responded (Dkt. No. 8), and Petitioner replied (Dkt. No. 9). After careful consideration, the Petition (Dkt. No. 1) is **DENIED**.

## I.    BACKGROUND

Based on the record, Petitioner is a lawful permanent resident who entered the United States more than thirty years ago. *See* Dkt. Nos. 1 at 5; 8 at 2. In 2012, Petitioner was convicted of conspiracy to transport illegal aliens, *see* Dkt. No. 8-1, and it is undisputed that, as a result, he is deportable and subject to mandatory detention during removal proceedings under 8 U.S.C. § 1226(c). *See* Dkt. Nos. 1; 8–9. Thereafter, Petitioner was detained by ICE and later released on his own recognizance. *See* Dkt. Nos. 1 at 6; 8 at 2. Until recently, his removal proceedings were administratively closed to permit the adjudication of his pending U visa application. *See* Dkt. No. 1 at 6. However, those proceedings are now ongoing and, on October 22, 2025, Petitioner was detained pursuant to § 1226(c). *See* Dkt. Nos. 1 at 7; 8 at 3.

Petitioner initiated this action on November 25, 2025, seeking an order compelling his release or requiring that he be given a bond hearing on the grounds that his mandatory detention violates his right to due process. *See* Dkt. No. 1 at 7–11.

## II.   JURISDICTION

District courts have jurisdiction to grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c).

The INA does not strip the Court of jurisdiction over the instant challenge to detention. *See, e.g.*, *Perez-Puerta v. Johnson*, No. SA-25-CV-1476-OLG, Dkt. No. 13 at 2–4 (W.D. Tex. Dec. 15, 2025) (addressing and rejecting the applicability of 8 U.S.C. §§ 1252(g), 1252(b)(9), 1225(b)(4) in context of challenges to mandatory detention).

Nor does a Petitioner's failure to exhaust administrative remedies. The exhaustion requirement in the immigration detention context is likely prudential rather than jurisdictional. *Calderon Lopez v. Lyons*, --- F. Supp. 3d ---, 2026 WL 44683, at *1 n.1 (N.D. Tex. Jan. 7, 2026) (citing 8 U.S.C. § 1252(d)(1)). And "exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Hinojosa v. Horn*, 896 F.3d 305, 314 (5th Cir. 2018) (citation modified); *see Calderon Lopez*, 2026 WL 44683, at *1 n.1 (finding that exhaustion—i.e., an appeal to the BIA—would be "an exercise in futility" and therefore was not required); *Petgrave v. Aleman*, 529 F. Supp. 3d 665, 672 & n.14 (S.D. Tex. 2021) (finding that administrative exhaustion would be futile where constitutional challenge to detention procedures are raised); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 680–81 (W.D. Tex. 2025) (explaining that requiring petitioner to wait for a ruling on an appeal to BIA would "exacerbate his alleged constitutional injury—detention without a bond hearing"); *Hernandez-Fernandez v. Lyons*, No. 25-CV-773-JKP, 2025 WL 2976923, at *6–7 (W.D. Tex. Oct. 21, 2025) (same).

## III.   DISCUSSION

Petitioner challenges his detention under the Due Process Clause of the Fifth Amendment. As the petitioner, he bears the burden of proving that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Villanueva v. Tate*, 801 F. Supp. 3d 689, 696 (S.D. Tex. 2025) (quoting 28 U.S.C. § 2241(c)(3)). "[B]ecause the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." *Id.* at 696–97 (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011)). "A court considering a habeas petition must 'determine the facts . . . and dispose of the matter as law and justice require.'" *Id.* at 697 (quoting 28 U.S.C. § 2243).

Petitioner argues that his being mandatorily detained without a bond hearing violates his due process rights. *See* Dkt. No. 1 at 7–11. Respondents counter that Petitioner's detention during removal proceedings under § 1226(c) is unambiguously constitutional. *See* Dkt. No. 8 at 4–6. The Court agrees with Respondents.

In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court addressed a nearly identical due process challenge presented by a lawful permanent resident challenging his detention under § 1226(c). The Court stated that it has "firmly and repeatedly endorsed the proposition that Congress may make rules as to aliens that would be unacceptable if applied to citizens," and it explained that mandatory "detention necessarily serves the purpose of preventing deportable criminal aliens from fleeing prior to or during their removal proceedings, thus increasing the chance that, if ordered removed, the aliens will be successfully removed." *Id.* at 522, 528. Despite the existence of other adequate methods for ensuring appearance during removal proceedings, the Court held that, when Congress "deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means to accomplish its goal." *Id.* at 528. Because the

3

evidence before Congress suggested that "permitting discretionary release of aliens pending their removal hearings would lead to large numbers of deportable criminal aliens skipping their hearing and remaining at large in the United States unlawfully," the detention of all criminal aliens during removal proceedings "is a constitutionally permissible part of that process." *Id.* 528, 531.

*Demore* squarely controls this case. The detention of Petitioner, "a criminal alien who has conceded that he is deportable, for the limited period of his removal proceedings," is "constitutionally permissible." *Id.* at 531. If there were any indication that Petitioner's removal proceedings were a "ruse to incarcerate him for other reasons," his detention may be unconstitutional. *See, e.g., Banyee v. Garland*, 115 F.4th 928, 934 (8th Cir. 2024) (quoting *Demore*, 538 U.S. at 533 (Kennedy, J., concurring)). But there is no such indication here.

## IV.   CONCLUSION

For the forgoing reasons, Petitioner Jorge Luis Torres Villasana's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1) is **DENIED**.

This Order is a **FINAL JUDGMENT**.

It is so **ORDERED**.

**SIGNED** on March ___6___, 2026.

_____
ORLANDO L. GARCIA
United States District Judge

4