**FILED**

July 08, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____NM_____
DEPUTY

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| STEPHEN CROSS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | **NO. SA-26-CV-1769-OLG** |
| | § | |
| TODD BLANCHE *et al.*,[1] | § | |
| | § | |
| Respondents. | § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Stephen Cross's Petition for Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1). Respondents have responded (Dkt. No. 8). At the Court's request, the parties filed supplemental briefs (Dkt. Nos. 10–11). For the reasons that follow, the Petition (Dkt. No. 1) is **DENIED**.

## I.   BACKGROUND

Based on the record, Petitioner is a lawful permanent resident who entered the United States from Jamaica more than forty years ago. *See* Dkt. No. 8-1 at 5. In 2011, Petitioner was convicted of rape, *see id.*, and it is undisputed that, as a result, he is deportable and subject to mandatory detention during removal proceedings under 8 U.S.C. § 1226(c). *See* Dkt. Nos. 10 at 2; 11 at 1. Petitioner was subsequently detained by ICE, placed in removal proceedings, and then released. *See* Dkt. Nos. 1 at 2–3; 8 at 5. On January 28, 2025, Petitioner was ordered removed to Jamaica and his request for relief under the Convention Against Torture was denied. *See* Dkt. No. 8-2 at 11. He appealed that decision. *See* Dkt. Nos. 1 at 8–9; 8 at 5. On November 24, 2025, Petitioner was detained pursuant to § 1226(c). *See* Dkt. Nos. 1 at 7; 8 at 3; 11-1 at 2.

---

[1]Todd Blanche became the Acting Attorney General on April 2, 2026. As a result, he is automatically substituted as Respondent in this action. *See* FED. R. CIV. P. 25(d).

Petitioner initiated this action on March 18, 2026, seeking an order compelling his release or requiring that he be given a bond hearing on the grounds that his mandatory detention violates his right to due process. *See* Dkt. No. 1 at 11–15, 17–18.

## II.    JURISDICTION

District courts have jurisdiction to grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c).

The INA does not strip the Court of jurisdiction over the instant challenge to detention. *See, e.g., Perez-Puerta v. Johnson*, No. 25-CV-1476-OLG, Dkt. No. 13 at 2–4 (W.D. Tex. Dec. 15, 2025) (addressing and rejecting the applicability of 8 U.S.C. §§ 1252(g), 1252(b)(9), 1225(b)(4) in context of challenges to mandatory detention). Nor would Petitioner's failure to exhaust administrative remedies, as the exhaustion requirement in the immigration detention context is likely prudential rather than jurisdictional. *Calderon Lopez v. Lyons*, 814 F. Supp. 3d 733, 737 n.1 (N.D. Tex. 2026) (citing 8 U.S.C. § 1252(d)(1)). And "exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Hinojosa v. Horn*, 896 F.3d 305, 314 (5th Cir. 2018) (citation modified); *see Calderon Lopez*, 814 F. Supp. 3d at 737 n.1 (finding that exhaustion—i.e., an appeal to the BIA—would be "an exercise in futility" and therefore was not required); *Petgrave v. Aleman*, 529 F. Supp. 3d 665, 672 & n.14 (S.D. Tex. 2021) (finding that administrative exhaustion would be futile where constitutional challenge to detention procedures are raised); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 680–81 (W.D. Tex. 2025) (explaining that requiring petitioner to wait for a ruling on an appeal to the BIA would "exacerbate his alleged constitutional injury—detention

2

without a bond hearing"); *Hernandez-Fernandez v. Lyons*, No. 25-CV-773-JKP, 2025 WL 2976923, at *6–7 (W.D. Tex. Oct. 21, 2025) (same).

## III.  DISCUSSION

Petitioner challenges his detention under the Due Process Clause of the Fifth Amendment. As the petitioner, he bears the burden of proving that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Villanueva v. Tate*, 801 F. Supp. 3d 689, 696 (S.D. Tex. 2025) (quoting 28 U.S.C. § 2241(c)(3)). "[B]ecause the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." *Id.* at 696–97 (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011)). "A court considering a habeas petition must 'determine the facts . . . and dispose of the matter as law and justice require.'" *Id.* at 697 (quoting 28 U.S.C. § 2243).

Petitioner argues that his being mandatorily detained without a bond hearing violates his right to due process. *See* Dkt. Nos. 1 at 7–11; 10 at 8–10.[2] Respondents counter that Petitioner's detention during removal proceedings under § 1226(c) is unambiguously constitutional. *See* Dkt. No. 11 at 1–4. The Court agrees with Respondents.

In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court addressed a nearly identical due process challenge presented by a lawful permanent resident challenging his detention under § 1226(c). The Court stated that it has "firmly and repeatedly endorsed the proposition that Congress may make rules as to aliens that would be unacceptable if applied to citizens," and it explained that mandatory "detention necessarily serves the purpose of preventing deportable

---

[2]Petitioner attempts to raise a new claim in his supplemental brief. He asserts that ICE failed to follow its own regulations when revoking his release. *See* Dkt. No. 10 at 6–8. The Court declines to reach this improperly pled claim. In any event, while it is true that the government must adhere to its own regulations, *see, e.g., Francois v. Garland*, 120 F.4th 459, 465 (5th Cir. 2024), Petitioner does not identify any specific regulatory violation in his pleading. *See* Dkt. No. 10. That failure is fatal to this claim.

criminal aliens from fleeing prior to or during their removal proceedings, thus increasing the chance that, if ordered removed, the aliens will be successfully removed." *Id.* at 522, 528. Despite the existence of other adequate methods for ensuring appearance during removal proceedings, the Court held that, when Congress "deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means to accomplish its goal." *Id.* at 528. Because the evidence before Congress suggested that "permitting discretionary release of aliens pending their removal hearings would lead to large numbers of deportable criminal aliens skipping their hearing and remaining at large in the United States unlawfully," the detention of criminal aliens during removal proceedings "is a constitutionally permissible part of that process." *Id.* 528, 531.

*Demore* controls this case.[3] The detention of Petitioner, "a criminal alien who has conceded that he is deportable, for the limited period of his removal proceedings," is "constitutionally permissible." *Id.* at 531. If there were any indication that Petitioner's removal proceedings were a "ruse to incarcerate him for other reasons," his detention may be unconstitutional. *See, e.g., Banyee v. Garland,* 115 F.4th 928, 934 (8th Cir. 2024) (quoting *Demore,* 538 U.S. at 533 (Kennedy, J., concurring)). But there is no such indication here. Petitioner was taken into custody after the immigration judge ordered his removal to Jamaica. *See* Dkt. No. 1 at 3. Those proceedings only remain ongoing because "he is waiting for a decision on *his* appeal." *Banyee,* 115 F.4th at 933.

Petitioner also asserts that his detention has become unreasonably prolonged. *See* Dkt. No. 1 at 11–15. That is not so. He has been detained for less than eight months. The lawful permanent resident in *Demore* spent a similar time in custody—six months—yet the Supreme

---

[3] The Fifth Circuit discussed *Demore* at great length in a recent opinion. *See Rodriguez v. Ortega,* — F.4th —, 2026 WL 1906557, at *10–16 (5th Cir. July 2, 2026). But that opinion "does not apply to any alien held under [§] 1226(c)." *Id.* at *17. Therefore, it has little import here.

4

Court had little difficulty determining that his continued detention was constitutional. *See Demore*, 538 U.S. at 531.

## IV.    CONCLUSION

For the forgoing reasons, Petitioner Stephen Cross's Petition for Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1) is **DENIED**.

Any pending motions are **DISMISSED AS MOOT**.

This case is **CLOSED**.

It is so **ORDERED**.

**SIGNED** on July ____, 2026.

_____
ORLANDO L. GARCIA
United States District Judge

5